UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL A.,

                        Plaintiff,

      v.

ANDREW M. SAUL,
Commissioner of Social Security,

                   Defendant.

CASE NO. C19-1009-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

       Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

       Plaintiff was born on XXXX, 1959.[1] He has a high school diploma, and has worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

sales representative for motor vehicles and supplies and a sales representative for hardware supplies. (AR 51, 197.)

Plaintiff applied for DIB in November 2013. (AR 160-65.) That application was denied and Plaintiff timely requested a hearing. (AR 91-97, 99-105.)

On March 19, 2015, ALJ Virginia Robinson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 31-67.) On December 29, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 17-26.) The Appeals Council denied Plaintiff's request for review on May 22, 2017 (AR 1-6), and Plaintiff sought judicial review. On January 18, 2018, the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded the case for further administrative proceedings. (AR 514-27.)

On remand, the ALJ held a hearing on February 27, 2019 (AR 476-87), and subsequently issued a decision again finding Plaintiff not disabled. (AR 459-69.) Plaintiff now seeks judicial review of that decision.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity between his alleged onset date and his date last insured (DLI). (AR 461-63.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's degenerative disc disease with kyphosis was a severe impairment. (AR 461-63.) Step three asks whether a claimant's

impairments meet or equal a listed impairment. The ALJ found that through the DLI, Plaintiff's impairment did not meet or equal the criteria of a listed impairment. (AR 464.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing light work with additional limitations: he could stand and/or walk for approximately six hours and sit for approximately six hours per eight-hour workday with normal breaks. He could occasionally climb ramps or stairs. He could never climb ladders, ropes, or scaffolds. He could frequently balance, and occasionally stoop, kneel, crouch, and crawl. He needed to avoid concentrated exposure to excessive vibration and workplace hazards, such as dangerous moving machinery or working at unprotected heights. (AR 464.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as sales representative and sales representative for hardware supplies as generally and actually performed.[2] (AR 468-69.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 468-69.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

---

[2] The Court notes that in fact the VE testified that Plaintiff could *not* perform his past work as a sales representative for hardware supplies as actually performed, because that work was performed at the medium level. (AR 51-52.) Thus, this portion of the ALJ's step-four findings (AR 468-69) are not supported by substantial evidence and the ALJ should revisit this issue on remand.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ's decision contains error because it contains an internal inconsistency regarding whether Plaintiff was limited to performing light or sedentary work during the adjudicated period.  The Commissioner argues that the inconsistency is merely the result of a scrivener's error, which is harmless, and that the ALJ's decision should therefore be affirmed.

<u>Light v. sedentary work</u>

The ALJ's decision indicates in the bold paragraph defining the RFC that Plaintiff was limited to light work with additional limitations, but later in the decision explains that although a State agency doctor described limitations consistent with light work, the ALJ restricted Plaintiff to a sedentary RFC in order to account for his pain complaints and the imaging results showing mild to moderate findings related to his back problems.  (*Compare* AR 464 *with* AR 467.)

Plaintiff argues that if the ALJ had restricted him to sedentary work, he would not have been able to perform his past relevant work, and thus this internal inconsistency affects the outcome of the ALJ's decision.  The Court agrees.  Although the Commissioner attempts to characterize the ALJ's reference to a sedentary RFC as a scrivener's error (Dkt. 11 at 4), this is not a reasonable reading of the ALJ's decision.  The ALJ's reference to a sedentary RFC is not akin to a "misplaced quotation mark."  *See Shelly Lee P. v. Comm'r of Social Sec.*, 2019 WL 6729318, at *6 (D. Or. Dec. 11, 2019).  The Court cannot simply substitute the word "light" for

"sedentary" in the ALJ's decision and clear up the discrepancy.  *See, e.g.*, *Kimble v. Berryhill*, 2017 WL 3332256, at *6-7 (D. Or. Aug. 4, 2017).  The ALJ explicitly departed from an opinion that would be consistent with light work on the grounds that a sedentary RFC would better account for certain subjective allegations (AR 467), and this finding renders the ALJ's true intent unclear. Accordingly, the Court finds that the error in the ALJ's decision is not merely a scrivener's error, and that it is prejudicial, given that a finding that Plaintiff is restricted to sedentary work would be inconsistent with the ALJ's finding that he could perform his past work.

On remand, the ALJ must reconsider Plaintiff's RFC, the assessment of the State agency opinion, and the step-four findings, and any other parts of the decision as necessary.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this <u>26th</u> day of December, 2019.


Mary Alice Theiler
United States Magistrate Judge